## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF ALABAMA
### SOUTHERN DIVISION

| | | |
|---|---|---|
| **BITCO GENERAL INSURANCE CORPORATION,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIV. ACT. NO. 1:26-cv-66-TFM-N** |
| | ) | |
| **SALTER 3C'S CONSTRUCTION COMPANY, INC.** | ) | |
| | ) | |
| **Defendant.** | ) | |

### <u>MEMORANDUM OPINION AND ORDER</u>

Pending before the Court is the Motion to Dismiss Defendant C.R. Pate Logging, Inc. d/b/a Brooklyn Limestone Quarry (Doc. 7, filed 3/11/26). In response, Plaintiff indicates that it "does not oppose Pate's dismissal from this lawsuit." *See* Doc. 21 at 4.

Defendant Pate submits its motion pursuant to both Fed. R. Civ. P. 12(b)(1) and 12(b)(6). Pate first argues that the case is moot and therefore the Court does not have subject matter jurisdiction. Subject matter jurisdiction is appropriately dealt with by means of a motion to dismiss under Federal Rule of Civil Procedure Rule 12(b)(1). *Troiano v. Supervisor of Elections*, 382 F.3d 1276, 1278 (11th Cir. 2004). Thus, the Court will start there.

"Mootness is the threshold question in this case. A moot case is nonjusticiable and Article III courts lack jurisdiction to entertain it." *Id*. at 1281. Plaintiff indicates that after reviewing the motion, Plaintiff and Pate have confirmed that "Pate is not seeking any relief from BITCO and has no claims against it." Doc. 21 at 3. While not stated explicitly, based upon the assertions and conclusion by the Plaintiff in its response, it would appear that Plaintiff agrees that claims involving Pate are moot. Therefore, the Court would not have jurisdiction over them and the

motion to dismiss (Doc. 7) is **GRANTED** for lack of jurisdiction under Rule 21(b)(1).

This case is still pending against the remaining Defendants. The Court also reviews the status of the remaining parties. The Court sees that Defendants Chris Lopez and Ahoy RV Resort, LLC filed their answer on March 27, 2026. *See* Doc. 13. Defendant Salter 3C's Construction Company, Inc. and Estate of Stephen O. Cummings have yet to appear.

The Court sees that Plaintiff filed on April 1, 2026 a notice indicating service of the Estate of Stephen O. Cummings. *See* Doc. 19. The notice states "served via certified mail on Estate of Stephen O. Cummings c/o Mr. Steven Ben-Nuh." *Id*. at 2. Then it includes a green return card from USPS, but it has no signature. Further, there is no explanation whether Mr. Steven Ben-Nuh is authorized to accept service on behalf of the Estate of Stephen O. Cummings. Finally the USPS Tracking data just says that the "item was delivered to an individual at the address". It does not say whether the individual lived there, is an adult competent to accept service, or any other data that lets the Court evaluate the effectiveness of service on the Defendant Estate. Therefore, it does not appear that service has been properly effectuated on this defendant. Next, while summons was issued as to Defendant Salter 3C's Construction Company, Inc., there is no evidence of service on Defendant Salter.

The Court would also remind Plaintiff of the requirement to serve all defendants within ninety (90) days pursuant to Fed. R. Civ. P. 4(m) or show cause for the failure to do so. Additionally, pursuant to S.D. Ala. CivLR 4(a)(3), "[i]f within forty-five (45) days after the filing of the Complaint, Plaintiff has neither completed service by summons nor received a waiver of service, Plaintiff shall file a notice describing the action taken by Plaintiff to complete service and the results of those efforts." This action was initiated on February 27, 2026, thus 45 days passed on April 13, 2026 and no such notice has been filed.

## **Conclusion**

The Motion to Dismiss Defendant C.R. Pate Logging, Inc. d/b/a Brooklyn Limestone Quarry (Doc. 7) is **GRANTED** and this defendant is **DISMISSED without prejudice** for lack of subject matter jurisdiction.  Plaintiff is put on notice of potential service issues as to two remaining defendants (Salter 3C's Construction Company, Inc. and Estate of Stephen O. Cummings).  Plaintiff shall comply with the requirements of S.D. Ala. CivLR 4(a)(3) no later than **April 27, 2026**.  Additionally, the Court puts Plaintiff on notice that it would appear that service on Defendant Estate of Stephen O. Cummings is deficient.  Plaintiff may file further details of service if it believes that service has been effectuated on this defendant already – if such details are available.  If not, then Plaintiff must also comply with S.D. Ala. CivLR 4(a)(3) as to this defendant as well.

DONE and **ORDERED** this the 17th day of April 2026.

/s/ Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE